IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CURTIS DALE RICHARDSON,<br>      Plaintiff,<br><br>      v.<br><br>U.S. ARMY,<br>      Defendant. | ) Civil Action No.: 4:05-749-RBH-TER<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>) |

**PROCEDURAL HISTORY**

The plaintiff, Curtis Richardson, filed this action under 42 U.S.C. § 1983[1] on March 30, 2005. Plaintiff alleges that he was owed money by the defendant for service he allegedly performed and for which he was not paid in the late 1970s and/or early 1980. On May 4, 2005, defendant filed a Motion to Dismiss. (Document #7).  Because the plaintiff is proceeding pro se, he was advised on or about June 9, 2005, and June 30, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendant's motion to dismiss could result in dismissal of his complaint.  On July 14, 2005, plaintiff filed an objection to defendant's motion to dismiss. Defendant filed a reply to the response on July 20, 2005.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

**DISCUSSION**

Plaintiff alleges that he enlisted in the Army "sometime in 1977" as a private E-1, the Army's lowest enlisted grade. Plaintiff alleges that he attended both basic training and advanced individual training. Plaintiff alleges that he attended the United States Army's USARB (United States Army Retraining Brigade) located at Fort Riley, Kansas. Plaintiff alleges that he was only paid one time in the amount of approximately $700.00 during his entire enlistment period but does not state the length of that time. Plaintiff contends that this court has jurisdiction over the matter pursuant to the "Little Tucker Act" and waives any claims in excess of $10,0000.00 to ensure jurisdiction of this Court.

Defendant filed a motion to dismiss in which defendant argues that this action is barred by the statute of limitations. Specifically, defendant asserts that the Tucker Act's six-year statute of limitations states that a plaintiff must file suit within six years of the date that a claim first accrues pursuant to 28 U.S.C. § 2501. Defendant submits that this statute is an express limitation on the Government's waiver of sovereign immunity and cannot be waived and this court must dismiss this claim for lack of jurisdiction. Cottrell v. United States, 42 Fed. Cl. 144, 154 (1998). Defendant argues that as plaintiff claims that the U.S. Army wrongfully discharged him in 1977, his claim is barred by the six-year statute of limitations.

In his response, plaintiff contends that his claim first accrued not when he was discharged in 1977, but when his "application for correction of military record" (ABCMR) was denied in 2005. Further, plaintiff argues that the continuing claims doctrine applies to his case and that the Doctrine of Laches does not apply since the ABCMR considered his application beyond the three-year statute

2

of limitations pursuant to 10 U.S.C. § 1552.[2]

In its reply, defendant argues that the date when all events occurred was the date plaintiff was discharged in 1977. Defendant cites to the cases of Martinez v. United States, No. 98-662C (Fed. Cl. Aug. 9, 1999) and Bowen v. United States, 292 F. 3d 1383 (Fed. Cir. 2002). In Bowen, defendant asserts that the court held that the claim accrued on the day of his discharge because that was "the date when all the events have occurred which fix liability of the government and entitle the claimant to institute an action." Further, defendant asserts in its reply that the continuing claims doctrine does not preserve plaintiff's claim in that this doctrine does not apply to a claim based upon a single distinct event, which may have continued ill effects later on. Defendant asserts that "the lack of payment at later dates all flowed from this discharge and, therefore, cannot give rise to a continuing claim" citing Friedman v. United States, 149 Ct. Cl. 22, 30-32 (1960).

The undersigned finds that plaintiff's claims are barred by the six-year statute of limitations. The date plaintiff was discharged in 1977 is when the event occurred and this complaint was not filed until more than twenty years later. *See* Bowen, supra; Martinez, supra. In Bowen, the court held the following:

> . . . Generally, "a claim against the United States first accrues on the date when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Chandler v. United States, 47 Fed. Cl. 106, 114 (2000) . . .
>
> This court has held that "a claim based on an alleged unlawful discharge from the military service accrues on the date of discharge... Hurick v. Lehman, 782 f.2d 984, 986 (Fed. Cir. 1986); *see also* Craft v. United States, 218 Ct. Cl. 579, 589 F.2d 1057, 1059 (1978) ("A cause of action for back pay based upon illegal discharge accrues on the date of discharge for statute of limitations purposes.") thus, since

---

[2] Defendant did not raise this defense.

3

> Major Bowen was discharged on May 28, 1993, he was required, based on our precedent, to file his claim by May 28, 1999, for it to be considered timely for statute of limitations purposes. Major Bowen, however, did not file his claim until June 1, 1999. Thus, the Court of Federal Claims properly dismissed Major Bowen's claim for lack of jurisdiction.

Bowen, 292 F.3d at 1385-1386.

As stated, plaintiff filed this action in 2005 and was discharged in 1977. Thus, plaintiff filed this action 20-years after his discharge. Plaintiff's argument that filing with the ABCMR tolls the statute of limitations is without merit. Even, assuming *arguendo*, that the filing with the ABCMR did toll the statute of limitations the argument would still fail in that plaintiff did not petition the ABCMR until 2004, well after the six-year statute of limitations. Furthermore, based on the allegations of the complaint, the Continuing Claim Doctrine is inapplicable. The Continuing Claim Doctrine applies when a plaintiff's claims are "inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." Brown Parks Estates-Fairfield Development Co, v. United States, 127 F.3d 1449, 1456 (Fed. Cir. 1997). Where a plaintiff's alleged continuing violations are "merely damages resulting from the single earlier alleged violation," there is not a series of independent distinct wrongs. Id. at 1457. There is a single distinct event, plaintiff's discharge, in this case and the alleged lack of payments is a result of that discharge. Thus, the Continuing Claims Doctrine would not apply in this case. Therefore, it is recommended that defendant's motion to dismiss be GRANTED.

**CONCLUSION**

Based on the reasons set out above, it is RECOMMENDED that defendant's motion to dismiss (document # 7) be GRANTED.

                                            Respectfully Submitted,

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

February 6, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 2317<br>
Florence, South Carolina 29503