# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Curtis Dale Richardson, | ) | Civil Action No.: 3:05-749-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| U.S. Army, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the plaintiff's motion for reconsideration, which was filed on April 11, 2006. By way of background information, the court notes that on February 6, 2006, United States Magistrate Judge Thomas E. Rogers, III, filed a Report and Recommendation which recommended to this court that the defendant's motion to dismiss be granted. The plaintiff's deadline for filing objections to the Magistrate Judge's Report and Recommendation was February 24, 2006. On February 28, 2006, after expiration of the deadline, the plaintiff filed a motion which requested a thirty (30) day extension of time to file objections. This court denied such motion on the same day. On March 3, 2006, the court filed an Order adopting the Magistrate Judge's Report and Recommendation and granting the defendant's motion to dismiss. The Order noted, *inter alia,* that the plaintiff had not filed any objections to the Magistrate Judge's Report and Recommendation and the deadline for doing such had expired. On March 17, 2006, judgment was entered in favor of the defendant and this action was dismissed.

On April 11, 2006, the Clerk of Court docketed the plaintiff's "motion for reconsideration" [Entry # 23] of this court's Order of March 3, 2006. In the motion, the plaintiff suggests that the Clerk of Court may have failed to provide this court with his motion requesting an extension of time.

However, as noted above, this court received the motion and denied it on the same day. Alternatively, the plaintiff requests in his motion that the court "remand its order and grant me a written deadline for filing objections."

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat this motion as a Rule 59 motion to alter or amend the judgment. Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the court finds oral argument would not aid in its decision-making process. In the view of this court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this court.

For the above reasons, the "motion for reconsideration" [Entry # 23] is **DENIED**.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

Florence, South Carolina
April 19, 2006